## F. J. YOUNG and Annie YOUNG *v.* Clifford MOORE and Shirley MOORE

5-5625                                             472 S.W. 2d 100

### Opinion delivered November 1, 1971

*Allen, Young & Bogard,* for appellants.

*Kenneth C. Coffelt,* for appellees.

Lyle Brown, Justice. Plaintiffs-appellants, Young and wife, sued appellees, Moore and wife, for title to and possession of a mobile home, for $450.00 allegedly owed for two bulls, and for $90.00 for hay. The chancellor denied relief and appellants assert two points for reversal. The affirmative defense of payment, so they contend, was not pleaded, and the trial court erred in permitting the introduction of an alleged receipt for payment; and the credible testimony preponderates in favor of appellants.

Three transactions between the parties gave rise to this lawsuit. The Youngs leased their farm to the Moores for one year. (There is no dispute here about the lease, which has now expired.) Secondly, through the joint participation of the parties a mobile home was purchased to be placed on the leased property. Thirdly, several head of livestock were sold by the Youngs to

the Moores. The last two transactions were intertwined and the evidence thereon is in substantial conflict.

*Young's version of the facts.* Moore agreed to buy Young's herd of cattle for $3,900 plus $450 for two bulls. Young told Moore to issue the check for $3,900 to the mobile home company. Moore never paid for the two bulls and he used hay belonging to Young without paying for it. The mobile home was rented to Moore for $50.00 a month with the understanding that Moore could buy it by paying the full purchase price therefor within the twelve months leasing period. The difference between the $3,900 and the full purchase price was $1,469.35, for which Young issued his check to the trailer company. Moore vacated the farm at the expiration of the lease and took the trailer with him.

*Moore's version of the facts.* A few days after the lease had been executed and an agreement was reached on the livestock, the two men and their wives went to Jacksonville with the intention of purchasing the mobile home. At the time Moore picked up the Youngs to go to Jacksonville, Moore gave Young $4,050 in cash in full payment for all the livestock. Young had a receipt already written out and handed it to Moore: "March 29, 1968. Received of Cliff Moore the sum of $4,050 for cows 23 cows 15 calves 2 bulls 1 heifer Pd. in full. Sgd. F. J. Young and Annie." It was understood the hay went with the livestock. The parties proceeded on to Jacksonville and located the trailer desired. It cost $5,369.35. Moore related to Young that he could spare as much as $3,900 and he made out a check for that amount to the trailer company. Young agreed to loan Moore the difference of $1,469.35, which Moore agreed to pay back at $50.00 a month. (Moore produced twenty cancelled checks, each of which was payable to Young and marked "payment on trailer.") The trailer company made out the papers on the mobile home, in the presence of the Youngs and the Moores, in the name of Clifford Moore, appellant. (The invoice was placed into evidence.)

When we weigh the testimony of the parties, the exhibits, and the testimony of supporting witnesses, we

are unable to say that the chancellor erred in holding that appellants' cause was not supported by a preponderance of the evidence. When evidence is as conflicting as it appeared in this case the demeanor of the witnesses becomes important. Of course the chancellor had the advantage of seeing and hearing the witnesses, which we do not have.

Appellees did not plead the defense of payment and appellants say it was error to admit evidence to that effect. At no point in the record do we find that objection was made to the admission of such evidence on the ground that it was an affirmative defense which had not been pleaded. When witness Young was asked to identify the receipt for $4,050 he protested that his wife had not signed the receipt and that the body of the receipt had been altered since he delivered it. The court accepted the receipt for the record and remarked "Mr. Young has made an objection to it." The court was referring to the appellant Young's protest about the alteration. Certainly the "objection" of Mr. Young did not amount to objection for failure to plead the affirmative defense of payment. We are convinced the latter objection was raised for the first time on appeal.

Affirmed.